UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DETERRACE PURVIS** | * | **CIVIL ACTION NO. 15-2793** |
| | | **SEC. P.** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **S L COLEMAN ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

On December 3, 2015, Deterrace Purvis filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Caddo Parish Officers SL Coleman and L Ducote. [doc. #1].

On July 21, 2016, the undersigned issued its first notice of intent to dismiss for failure to prosecute because no responsive pleadings had been filed or default entered within sixty days after service of the summons and complaint. [doc. #16]. On July 27, 2016, Plaintiff responded, seeking clarification on the notice of intent to dismiss. [doc. #17]. The Court explained that Local Rule 41.3 states that a civil action may be dismissed "[w]here no responsive pleadings have been filed or default entered within 60 days after service of process." [doc. #18, p. 3] (internal quotations omitted). The Court further explained that Plaintiff had "failed to seek default judgment, or an extension of time to do so, although more than 60 days have elapsed since the defendants were served." *Id.* at 3-4. The Court simultaneously granted Purvis an extension of 60 days to seek a default. *Id.* at 4. The deadline passed and Purvis did not seek a default.

On October 26, 2016, the Court issued another notice of intent to dismiss for Plaintiff's failure to seek a default. [doc. #21]. The Court gave plaintiff 14 days to show good cause why his case should not be dismissed for failure to comply with the Court's order. *Id.* It is now three weeks past the latest deadline, with no response whatsoever from Plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED.R.CIV.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."[1] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). "A dismissal for failure to file a motion for default judgment is equivalent to a dismissal for failure to prosecute." *Id.* Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. Plaintiff has ignored more than one court order and he has been given four months to comply. Since filing his complaint, Purvis has made numerous filings including two motions for

---

[1] The statute of limitations in Louisiana is one year. LA. CODE CIV. P. art. 3492. Purvis' alleged injury occurred on June 27, 2015. Thus, he would be barred from re-filing.

appointment of counsel, an amended complaint, change of address notices, and requests for case updates and forms. [docs. #5, #6, #8, #9, #11, #14, #15, #17, #19]. As such, there is no indication that Plaintiff is unable to comply with the Court's order.[2] Moreover, it does not appear that lesser sanctions would prompt diligent prosecution since Plaintiff has twice already been warned that his case will be dismissed.[3] As plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[4] Purvis may cure his deficiencies by seeking a default within the time period permitted to file objections to this Report and Recommendation.

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED, with prejudice, in accordance with the provisions of FED.R.CIV.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final

---

[2] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[3] A district court must expressly determine that lesser sanctions would not prompt diligent prosecution, or the record must show that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191.

[4] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 30th day of November 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE